**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| KP ENGINEERING, LP, *et al.*,[1] | § | |
| | § | Case No. 19-34698 (DRJ) |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

**THE UNSECURED CREDITORS COMMITTEE'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(A) AND 107(B) OF THE BANKRUPTCY CODE AUTHORIZING THE COMMITTEE TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. EMERGENCY RELIEF HAS BEEN REQUESTED.**

**IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: KP Engineering, LP (7785) and KP Engineering, LLC (0294). The location of the Debtors' corporate headquarters and the Debtors' service address is: 5555 Old Jacksonville Highway, Tyler, TX 75703.

The Official Committee of Unsecured Creditors (the "Committee") of KP Engineering, LP and KP Engineering, LLC, as debtors and debtors in possession (collectively, the "Debtors"), in the above-captioned chapter 11 cases ("Chapter 11 Cases") and hereby submits this *Motion to File Under Seal* (the "Motion"), and would respectfully show the Court as follows:

## I.
## JURISDICTION

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for relief are Sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9013-1 and 9037-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## II.
## SUMMARY

4.      The Committee seeks an order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Committee to redact a certain exhibit listed as "Confidential" (the "Exhibit")pursuant to the *Stipulation and Order Governing the Production and/or Disclosure of Discovery Materials* [Docket No. 166] (the "Protective Order"); and (b) directing that the un-redacted Complaint shall remain under seal and confidential and not be made available to anyone except to (i) the Court and (ii) the Debtors on a confidential basis.

## III.
## BACKGROUND

5.      On August 23, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, commencing these Chapter 11 Cases.

6.      On September 26, 2019, the parties entered into the Protective Order. See [Docket No. 166]. After the parties entered into the Protective Order, the Committee received certain documents from the Debtors, and continues to receive such documents today.

7.      On April 1, 2020, the Debtors' filed an *Emergency Motion to Approve the Disclosure Statement* [Docket No. 454] and set it for hearing on April 8, 2020 (the "Disclosure Statement Hearing")

8.      On April 2, 2020, the Committee filed its *Emergency Motion to Strike the Debtors' Proposed Plan or, in the alternative, Terminate Exclusivity* [Docket No. 457], and set it for hearing on April 8, 2020 as well (the "Motion to Strike Hearing") (collectively, the Disclosure Statement Hearing and the Motion to Strike Hearing are the "Hearings").

9.      The Committee seeks to use a document that was produced pursuant to the Protective Order at the Hearings.

## IV.
## BASIS FOR RELIEF

10.     Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. See 11 U.S.C. § 107(b); *see also In re Gen. Homes Corp.*, 181

4813-1764-7033.1

B.R. 898, 903 (Bankr. S.D. Tex. 1995). This section provides in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

11.     Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Additionally, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

12.     As required by the Protective Order, the Committee seeks to seal material it has received in discovery and that has been designated as Confidential by other parties.

**V.**
**EMERGENCY CONSIDERATION**

13.     Pursuant to Bankruptcy Local Rule 9013-1(i), the Committee respectfully submits that emergency consideration of this Motion is warranted. The Hearings are two days away, and the Committee believes that presenting the Exhibit is crucial for their position at the Hearings. Accordingly, the Committee submits that this Motion warrants emergency consideration, and respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

## VI.
## <u>CONCLUSION</u>

WHEREFORE, the Committee respectfully requests that this Court enter an order that:

(a) grants the Motion; (b) grants all other relief that this Court deems just and proper.

Dated: April 6, 2020
Houston, Texas

Respectfully submitted,

**Foley & Lardner LLP**

*/s/ John P. Melko*
John P. Melko
State Bar No. 13919600
Email: jmelko@foley.com
Sean T. Wilson
State Bar No. 24077962
Email: swilson@foley.com
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone:  713.276.5500
Facsimile:   713.276-5555

-and-

Mark Moore
State Bar No. 24074751
Email: mmoore@foley.com
2021 McKinney Avenue Suite 1600
Dallas, TX 75201
Telephone:214.999.3000
Facsimile: 214.999.4667

**ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on April 6, 2020 a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in this case.

*/s/ John P. Melko*
John P. Melko

4813-1764-7033.1