UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| | * | CASE NO. 19-34698 (DRJ) |
| | * | |
| KP ENGINEERING, LP, *et al*[1] | * | |
| | * | (Jointly Administered) |
| *Debtor* | * | |

**LIQUIDATION TRUSTEE'S MOTION FOR ORDER (I) CONFIRMING THAT CERTAIN CLAIMS SCHEDULED OR FILED AS PRIORITY CLAIMS ARE THE RESPONSIBILITY OF THE REORGANIZED DEBTORS TO SATISFY; AND (II) AUTHORIZING THE TRUST'S CLAIMS AND NOTICING AGENT TO MODIFY THE OFFICIAL CLAIMS REGISTRY TO REFLECT THAT SUCH CLAIMS ARE NOT ENTITLED TO DISTRIBUTION FROM THE KP ENGINEERING LIQUIDATION TRUST**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are KP Engineering, LP (7785) and KP Engineering, LLC (0294). The location of the Debtors' corporate headquarters and the Debtors' service address is: 5555 Old Jacksonville Hwy., Tyler, TX 75703. All capitalized terms used but not defined herein shall have the meanings given to them in the Plan and/or Liquidation Trust Agreement.

**NOW INTO COURT**, through undersigned counsel, comes Michael D. Warner, solely in his capacity as liquidation trustee for the KP Engineering Liquidation Trust (the "*Trust*"), (the "*Liquidation Trustee*"), pursuant to the *Third Amended Joint Chapter 11 Plan of Reorganization of KP Engineering, LP and KP Engineering, LLC* (the "*Plan*"), confirmed by that certain *Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization of KP Engineering, LP and KP Engineering, LLC* [Docket No. 575] (the "*Confirmation Order*"), and that certain Liquidation Trust Agreement, entered into on June 22, 2020, (the "*Liquidation Trust Agreement*"), who requests entry of an order, in substantially similar form to the proposed order attached hereto as **Exhibit A** (the "*Proposed Order*"), (1) confirming that the claims filed or scheduled against the Debtors' estates as Priority Claims, a list of which is included on **Exhibit B** (collectively, the "*Claims*"; individually, the "*Claim*"), are treated as Priority Claims – either Priority Tax Claims or Priority Non-Tax Claims – under the Plan and are therefore the responsibility of the Reorganized Debtors to satisfy, and (2) authorizing the Trust's claims and noticing agent to modify the official claims register to reflect that the Claims are not KP Engineering Liquidation Trust Beneficiaries entitled to distribution(s) from the Trust. In support thereof, the Liquidation Trustee respectfully represents as follows:

1.

On August 23, 2019 (the "*Petition Date*"), KP Engineering, LP and KP Engineering, LLC (together, the "*Debtors*" and, post-confirmation, the "*Reorganized Debtors*") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "*Court*").[2]  KP Engineering, LP was assigned Case Number

---

[2] Case Number 19-34698, Doc. No. 1; Case Number 19-34699, Doc. No. 1.

19-34698 and KP Engineering, LLC was assigned Case Number 19-34699.[3] The two bankruptcy cases were subsequently consolidated for procedural purposes only and have since been jointly administered under Case Number 19-34698 (the "**Bankruptcy Case**").[4] Since the Petition Date, the Debtors operated their businesses and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.

On June 12, 2020, the Court entered the Confirmation Order.[5] Pursuant to Article IV(F) of the Plan, the Trust was created and effective on the Effective Date. Pursuant to the Confirmation Order, the Plan[6] and the Trust Agreement, the Liquidation Trustee was appointed to act as trustee of the Trust.

3.

On June 23, 2020, the Plan became effective (the "**Effective Dat**e"). The Liquidation Trustee has since retained Omni Agent Solutions ("**Omni**") as claims and noticing agent for the Trust.

4.

Per the terms of the Plan, a Priority Non-Tax Claim is "a Claim asserted under Bankruptcy Code sections 507(a)(3-7 and 9-10)."[7] The following claims fall within such category:

| CLAIMANT | CLAIM FILED/SCHEDULED AS PRIORITY UNDER | PRIORITY CLAIM AMOUNT |
|---|---|---|
| David G. Peake, Trustee (Scheduled, 19-34698) | 507(a)(4) | $2,215.39 |
| Genesis Technical Staffing Inc. (Claim No. 71, 19-34698)* | 507(a)(4) | $13,650 |
| Genesis Technical Staffing Inc. | 507(a)(4) | $13,650 |

---

[3] *Id.*
[4] Doc. No. 39.
[5] Case Number 19-34698, Doc. No. 575.
[6] *Id.*
[7] The Plan, Art. I(A).

| | | |
|---|---|---|
| (Claim No. 75, 19-34698)* | | |
| Genesis Technical Staffing Inc. (Claim No. 77, 19-34698)* | 507(a)(4) | $13,650 |
| Genesis Technical Staffing Inc. (Claim No. 78, 19-34698)* | 507(a)(4) | $13,650 |
| John Hancock Life Insurance Company - Employer 401k Match (Scheduled, 19-34698) | 507(a)(5) | $59,963.94 |
| John Hancock Life Insurance Company - Safe Harbor Plan (Scheduled, 19-34698) | 507(a)(5) | $68,175.81 |

For those of the Claims marked with an asterisk, the Liquidation Trustee notes that the Claims assert additional amounts not classified by the Plan as priority. Such non-priority portions will be addressed, where necessary, via separate pleading and the Liquidation Trustee reserves all rights related thereto, including any and all rights to object to such non-Priority Claims.

5.

Per the terms of the Plan, a Priority Tax Claim is "a Claim asserted under Bankruptcy Code section 507(a)(8)."[8] The following claims fall within such category:

| CLAIMANT | CLAIM FILED/SCHEDULED AS PRIORITY UNDER | PRIORITY CLAIM AMOUNT |
|---|---|---|
| Department of the Treasury (Claim No. 59, 19-34698)* | 507(a)(8) | $506.56 |
| Department of the Treasury – Internal Revenue Service (Claim No. 101, 19-34698)* | 507(a)(8) | $506.56 |
| Franchise Tax Board (Claim No. 19, 19-34698)* | 507(a)(8) | $4,277.91 |
| Louisiana Department of Revenue (Claim No. 18, 19-34698)* | 507(a)(8) | $4,993.96 |
| Ohio Department of Taxation (Claim No. 3, 19-34698)* | 507(a)(8) | $659.35 |
| Oklahoma Tax Commission (Scheduled, 19-34698) | 507(a)(8) | $3,110.00 |

---

[8] The Plan, Art. I(A).

| | | |
|---|---|---|
| Pennsylvania Department of Revenue (Scheduled, 19-34698) | 507(a)(8) | $547.57 |
| Texas Department of Licensing Registration (Scheduled, 19-34698) | 507(a)(8) | $325.00 |
| West Virginia Department of Revenue (Scheduled, 19-34698) | 507(a)(8) | $0.00 |

As with the Priority Non-Tax Claims in paragraph 4, for those of the Claims marked with an asterisk in paragraph 5, the Liquidation Trustee notes that the Claims assert additional amounts not classified by the Plan as priority. Such non-priority portions will be addressed, where necessary, via separate pleading and the Liquidation Trustee reserves all rights related thereto, including any and all rights to object to such non-Priority Claims.

6.

Together, the aforementioned Priority Non-Tax Claims and Priority Tax Claims (together referred to herein as the "***Priority Claims***") comprise the Claims (compiled on Exhibit B for ease of reference).

7.

Moreover, Tyler Independent School District filed Proof of Claim Number 99 against the KP Engineering, LP estate, therein asserting a $18,622.00 administrative claim for "Ad Valorem Property Taxes." In response to "Classification of Claim", Tyler Independent School District provided:

> Secured claim to the extent of collateral value. *Unsecured Priority claim [11 U.S.C. 507(a)(8)] to the extent of any shortfall in collateral value and for personal liability*. Claim secured by statutory tax lien provided by Sections 32.01 and 32.05 of the Texas Property Tax Code and Art. 8, Section 15 of the Texas Constitution.[9]

---

[9] Emphasis added.

Somewhat similarly, Smith County filed Proof of Claim Number 7 against the KP Engineering, LP estate, therein asserting a $10,691.93 secured claim for "Ad Valorem Taxes." In response to "Classification of Claim", Smith County provided:

> Secured claim to the extent of collateral value. *Unsecured Priority claim [11 U.S.C. 507(a)(8)] to the extent of any shortfall in collateral value and for personal liability*. Secured by Tax Lien §§ 32.01 and 32.05 of the Texas Property Tax Code.[10]

To the extent it is at any time determined that Claim Numbers 99 and 7 are Priority Tax Claims properly classified as Priority Claims, upon which theory the Liquidation Trustee does not take a position, the Liquidation Trustee contends that the relief requested herein would apply to such claims.[11] As such, the Liquidation Trustee requests, out of an abundance of caution, that any order entered by this Court expressly contemplate such scenario and the resulting effect, and reserve to the Liquidation Trustee all rights to object, on any basis, to Claims 99 and 7 to the extent permitted by the Plan and/or Liquidation Trust.

8.

Pursuant to the terms of the Plan and the Liquidation Trust Agreement, the Reorganized Debtors, not the Trust, have the authority to file and resolve any objections to the Priority Claims, and the responsibility to satisfy all Priority Claims.[12]

---

[10] Emphasis added.
[11] The Liquidation Trustee, contemporaneously with the filing of the instant Motion, will file a similar motion with regard to Administrative Claims, which motion addresses Tyler Independent School District filed Proof of Claim Number 99. Such arguments are incorporated herein by reference as if incorporated herein *in extenso*.
[12] *See* Doc. No. 575, the Plan, Arts. I(A), II(D), III(B), III(C)(1), IV(L), VII(A)(2); Doc. No. 575, the Liquidation Trust Agreement, Arts. 1.2(c), 1.6, 3.6(d), 3.6(n), 5.1, and 6.1.

9.

The Liquidation Trustee intends to make certain distributions on account of other allowed, and not yet paid, claims in the future and, in doing so, relies on the fact that the Claims are not KP Engineering Liquidation Trust Beneficiaries entitled to distribution(s) from the Trust.

10.

As such, the Liquidation Trustee requests entry of the Proposed Order confirming that the Claims are treated as Priority Claims under the Plan and are the responsibility of the Reorganized Debtors, not the Trust, to satisfy.

11.

The Liquidation Trustee further requests that such order also authorize and direct Omni to update the claims register maintained in the Bankruptcy Case to reflect that the Claims are not KP Engineering Liquidation Trust Beneficiaries entitled to distribution(s) from the Trust, and that no further payments or distributions are required on account of such claims from the Trust.

12.

To the extent any of the claimants identified on Exhibit B or the Reorganized Debtors disagree with the Liquidation Trustee's position that (a) such claimants are holders of a Priority Claim in the amount included in the Exhibit, and (b) such Claims are not a KP Engineering Liquidation Trust Beneficiaries entitled to distribution(s) from the Trust, the Liquidation Trustee requires such parties to (i) file a written objection (an "*Objection*") to this Motion and (ii) serve a copy of the Objection upon the undersigned counsel for the Liquidation Trustee.

13.

To the extent no Objection is filed, the Liquidation Trustee respectfully requests entry of the Proposed Order without further action by the Liquidation Trustee.

14.

To the extent an Objection is filed, the Liquidation Trustee reserves all rights afforded to him by the Plan and Liquidation Trust Agreement to object to the underlying claim on any or all grounds as may be applicable.

15.

The Liquidation Trustee further reserves the right to amend, modify, or supplement this motion and reserves all rights afforded him by the Plan and the Liquidation Trust Agreement to file objections on a non-substantive and/or substantive basis to any claims filed in the Bankruptcy Cases, including those at issue in the present motion.

**WHEREFORE**, for the reasons outlined herein, the Liquidation Trustee respectfully requests entry of an order in substantially similar form as the Proposed Order (1) confirming that the Claims included on Exhibit B are treated as Priority Claims under the Plan and are therefore the responsibility of the Reorganized Debtors to satisfy in such amounts, (2) authorizing Omni to modify the official claims register to reflect that the Claims are not KP Engineering Liquidation Trust Beneficiaries entitled to distribution(s) from the Trust, and (3) for such other and further relief as the Court deems just and proper under the circumstances.

**Signature and Service on following page**

                                                                   Respectfully Submitted,

Dated: February 2, 2021                          By: */s/ Brooke W. Altazan*

                                                    **STEWART ROBBINS BROWN & ALTAZAN, LLC**

                                                      Brooke W. Altazan (TX Bar # 24101002)
baltazan@stewartrobbins.com
Paul Douglas Stewart, Jr. (La. Bar # 24661, admitted to SDTX)
dstewart@stewartrobbins.com
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

                                                     ***Attorneys for Michael D. Warner, Liquidation Trustee***

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the above and foregoing pleading was caused to be served upon all parties that are registered to receive electronic service through the court's ECF notice system in the above case and by U.S. mail, first class, postage prepaid on the parties listed below on this 2nd day of February, 2021.

      /s/ *Brooke W. Altazan*
      Brooke W. Altazan

PARTIES SERVED BY FIRST CLASS MAIL:

David G. Peake, Trustee
P.O. Box 2158
Memphis, TN 38101-2158

Department of the Treasury
P.O. Box 7346
Philadelphia, PA 19101-7346

Department of the Treasury – Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Department of the Treasury – Internal Revenue Service
c/o Carolyn Harris
1919 Smith Street M/S 5022HOU
Houston, TX 77002

Department of the Treasury – Internal Revenue Service
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530-0001

Department of the Treasury – Internal Revenue Service
Unites States Attorney's Office
United States Attorney Ryan K. Patrick
1000 Louisiana St., Ste. 2300
Houston, TX 77002

Franchise Tax Board
Bankruptcy Section MS A340
P.O. Box 2952
Sacramento, CA 95812-2952

Franchise Tax Board
c/o Anthony Franklin
P.O. Box 2952
Sacramento, CA 95812-2952

Genesis Technical Staffing Inc.
Robert M. Galloway, Esq.
Galloway, Wettermark & Rutens, LLP
P.O. Box 16629
Mobile, AL 36616

Genesis Technical Staffing Inc.
Robert M. Galloway, Esq.
3263 Cottage Hill Rd.
Mobile, AL 36606

John Hancock Life Insurance Company
P.O. Box 600
Buffalo, NY 14201

Louisiana Department of Revenue
P.O. Box 66658
Baton Rouge, LA 70896-6658

Louisiana Department of Revenue
c/o Shawan Washington
P.O. Box 66658
Baton Rouge, LA 70896-6658

Ohio Department of Taxation
Bankruptcy Division
P.O. Box 530
Columbus, OH 43216

Ohio Department of Taxation
c/o Rebecca L. Daum
P.O. Box 530
Columbus, OH 43216

Oklahoma Tax Commission
P.O. Box 269045
Oklahoma, OK 73126-9045

Pennsylvania Department of Revenue
P.O. Box 280904
Harrisburg, PA 17128-0905

Smith County Tax Assessor
PO Box 2011
Tyler, TX 75710

Smith County
c/o Tara L. Grundemeier, John P. Dillman
Post Office Box 3064
Houston, Texas 77253-3064

Smith County
c/o Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207

Texas Department of Licensing Registration
Attn: Licensing Division
P.O. Box 12157
Austin, TX 78711

Tyler Independent School District
c/o Tab Beall
Perdue, Brandon, Fielder, Collings & Mott, LLP
P.O. Box 2007
Tyler, TX 75710-20074

West Virginia Department of Revenue
1001 Lee St. E
Charleston, WV 25301

**LIQUIDATION TRUSTEE'S MOTION FOR ORDER (I) CONFIRMING THAT CERTAIN CLAIMS SCHEDULED OR FILED AS PRIORITY CLAIMS ARE THE RESPONSIBILITY OF THE REORGANIZED DEBTORS TO SATISFY; AND (II) AUTHORIZING THE TRUST'S CLAIMS AND NOTICING AGENT TO MODIFY THE OFFICIAL CLAIMS REGISTRY TO REFLECT THAT SUCH CLAIMS ARE NOT ENTITLED TO DISTRIBUTION FROM THE KP ENGINEERING LIQUIDATION TRUST**

**EXHIBIT A**
**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| | * | CASE NO. 19-34698 (DRJ) |
| | * | |
| KP ENGINEERING, LP, *et al*[13] | * | |
| | * | (Jointly Administered) |
| *Debtor* | * | |

**ORDER GRANTING LIQUIDATION TRUSTEE'S MOTION FOR ORDER (I) CONFIRMING THAT CERTAIN CLAIMS SCHEDULED OR FILED AS PRIORITY CLAIMS ARE THE RESPONSIBILITY OF THE REORGANIZED DEBTORS TO SATISFY; AND (II) AUTHORIZING THE TRUST'S CLAIMS AND NOTICING AGENT TO MODIFY THE OFFICIAL CLAIMS REGISTRY TO REFLECT THAT SUCH CLAIMS ARE NOT ENTITLED TO DISTRIBUTION FROM THE KP ENGINEERING LIQUIDATION TRUST**

Upon the *Liquidation Trustee's Motion for Order (I) Confirming that Certain Claims Scheduled or Filed as Priority Claims are the Responsibility of the Reorganized Debtors to Satisfy; and (II) Authorizing the Trust's Claims and Noticing Agent to Modify the Official Claims Registry to Reflect that such Claims are not Entitled to Distribution from the KP Engineering Liquidation Trust* [Doc. No. ___] (the "***Motion***")[14] filed by Michael D. Warner, solely in his capacity as liquidation trustee for the KP Engineering Liquidation Trust (the "***Trust***"), (the "***Liquidation Trustee***"), no objections having been filed, and after due deliberation

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

---

[13] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are KP Engineering, LP (7785) and KP Engineering, LLC (0294). The location of the Debtors' corporate headquarters and the Debtors' service address is: 5555 Old Jacksonville Hwy., Tyler, TX 75703.

[14] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2. The claims included on Exhibit 1 (the "***Claims***") attached hereto are treated as Priority Claims under the Plan in the corresponding amount listed, subject to whatever rights, if any, the Reorganized Debtors have with respect to such asserted Priority Claims.

3. The Claims, in the corresponding amounts listed in Exhibit 1, are not KP Engineering Liquidation Trust Beneficiaries entitled to distribution(s) from the Trust in such amounts. Instead, it is the responsibility of the Reorganized Debtors to satisfy the Claims, in the corresponding amounts listed in Exhibit 1 and subject to whatever rights, if any, the Reorganized Debtors have with respect to such asserted Priority Claims, and no further payments or distributions are required on account of the Claims from the Trust. For purposes of clarity, nothing herein should be construed to affect any portion of the Claims beyond the corresponding amounts listed in Exhibit 1 and not classified by the Plan as a Priority Claim.

4. To the extent it is at any time determined that Proof of Claim Number 99 filed by Tyler Independent School District and Proof of Claim Number 7 filed by Smith County are Priority Tax Claims properly classified as Priority Claims pursuant to the terms of the Plan, such claims are not KP Engineering Liquidation Trust Beneficiaries entitled to distribution(s) from the Trust. Instead, it is the responsibility of the Reorganized Debtors to satisfy both claims and no further payments or distributions are required on account of such claims from the Trust. All rights provided by the Plan and the Liquidation Trust Agreement to the Liquidation Trustee to object, on any basis, to Claims 99 and 7 and any other claims held by Tyler Independent School District Smith County are reserved and nothing herein should be construed so as to limit such rights.

5. Omni Agent Solutions ("***Omni***") is authorized and directed to modify the official claims register maintained in the Bankruptcy Case to reflect the relief granted in this Order.

6. All rights provided by the Plan and the Liquidation Trust Agreement to the Liquidation Trustee to object, on any basis, to any amount each of the Claims asserts in excess of

its corresponding amount on Exhibit 1 which is not classified by the Plan as a Priority Claim or any other claims held by those included on Exhibit 1 are reserved and nothing herein should be construed so as to limit such rights.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtors or such Debtors' estates; (b) a waiver of any right of the Trust to dispute any prepetition claims on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to § 365 of the Bankruptcy Code; or (f) a waiver of any right of the Trust under the Bankruptcy Code, any order of this Court, the underlying Trust Agreement and/or Plan, or any other applicable law.

8. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

9. The Liquidation Trustee, Omni and the Clerk of this Court are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction to resolve any dispute arising from or related to this Order.

**Signed:**

        **DAVID R. JONES**
        **CHIEF UNITED STATES BANKRUPTCY JUDGE**

**LIQUIDATION TRUSTEE'S MOTION FOR ORDER (I) CONFIRMING THAT CERTAIN CLAIMS SCHEDULED OR FILED AS PRIORITY CLAIMS ARE THE RESPONSIBILITY OF THE REORGANIZED DEBTORS TO SATISFY; AND (II) AUTHORIZING THE TRUST'S CLAIMS AND NOTICING AGENT TO MODIFY THE OFFICIAL CLAIMS REGISTRY TO REFLECT THAT SUCH CLAIMS ARE NOT ENTITLED TO DISTRIBUTION FROM THE KP ENGINEERING LIQUIDATION TRUST**

**EXHIBIT B**
**THE CLAIMS**

| CLAIMANT | CLAIM FILED/SCHEDULED AS PRIORITY UNDER | PRIORITY CLAIM AMOUNT |
|---|---|---|
| David G. Peake, Trustee (Scheduled, 19-34698) | 507(a)(4) | $2,215.39 |
| Department of the Treasury (Claim No. 59, 19-34698)* | 507(a)(8) | $506.56 |
| Department of the Treasury – Internal Revenue Service (Claim No. 101, 19-34698)* | 507(a)(8) | $506.56 |
| Franchise Tax Board (Claim No. 19, 19-34698)* | 507(a)(8) | $4,277.91 |
| Genesis Technical Staffing Inc. (Claim No. 71, 19-34698)* | 507(a)(4) | $13,650 |
| Genesis Technical Staffing Inc. (Claim No. 75, 19-34698)* | 507(a)(4) | $13,650 |
| Genesis Technical Staffing Inc. (Claim No. 77, 19-34698)* | 507(a)(4) | $13,650 |
| Genesis Technical Staffing Inc. (Claim No. 78, 19-34698)* | 507(a)(4) | $13,650 |
| John Hancock Life Insurance Company - Employer 401k Match (Scheduled, 19-34698) | 507(a)(5) | $59,963.94 |
| John Hancock Life Insurance Company - Safe Harbor Plan (Scheduled, 19-34698) | 507(a)(5) | $68,175.81 |
| Louisiana Department of Revenue (Claim No. 18, 19-34698)* | 507(a)(8) | $4,993.96 |
| Ohio Department of Taxation (Claim No. 3, 19-34698)* | 507(a)(8) | $659.35 |
| Oklahoma Tax Commission (Scheduled, 19-34698) | 507(a)(8) | $3,110.00 |
| Pennsylvania Department of Revenue (Scheduled, 19-34698) | 507(a)(8) | $547.57 |
| Texas Department of Licensing Registration (Scheduled, 19-34698) | 507(a)(8) | $325.00 |
| West Virginia Department of Revenue (Scheduled, 19-34698) | 507(a)(8) | $0.00 |