UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| KP ENGINEERING, LP, *et al*[1] | * | CASE NO. 19-34698 (DRJ) |
| | * | |
| *Debtors* | * | (Jointly Administered) |
| | * | |

**LIQUIDATION TRUSTEE'S MOTION FOR ORDER (I) CONFIRMING THAT THERE NO LONGER EXIST ANY CLAIMS CLASSIFIED BY THE PLAN AS CLASS 4 ALLOWED JOHNSON CREDITOR CLAIMS; (II) CONFIRMING THAT EACH HOLDER OF THE PREVIOUSLY CLASSIFIED CLASS 4 ALLOWED JOHNSON CREDITOR CLAIMS, TO THE EXTENT SUCH CLAIMS REMAIN UNSATISFIED, IS NOW A LIQUIDATION TRUST BENEFICIARY OF THE LIQUIDATION TRUST AND ENTITLED TO A CLASS 7 GENERAL UNSECURED CLAIM IN THE AMOUNT OF THE DEFICIENCY, ALL SUBJECT TO THE LIQUIDATION TRUSTEE'S RIGHT TO OBJECT TO SUCH CLAIMS; (III) AUTHORIZING THE TRUST'S CLAIMS AND NOTICING AGENT TO MODIFY THE OFFICIAL CLAIMS REGISTRY TO REFLECT SAME; AND (IV) RELATED RELIEF**[2]

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT https://ecf.txsb.uscourts.gov/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are KP Engineering, LP (7785) and KP Engineering, LLC (0294). The location of the Debtors' corporate headquarters and the Debtors' service address is: 5555 Old Jacksonville Hwy., Tyler, TX 75703.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

**NOW INTO COURT**, through undersigned counsel, comes Michael D. Warner, solely in his capacity as liquidation trustee for the KP Engineering Liquidation Trust (the "***Trust***"), (the "***Liquidation Trustee***"), pursuant to the *Third Amended Joint Chapter 11 Plan of Reorganization of KP Engineering, LP and KP Engineering, LLC* (the "***Plan***"), confirmed by that certain *Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization of KP Engineering, LP and KP Engineering, LLC* [Docket No. 575] (the "***Confirmation Order***"), and that certain Liquidation Trust Agreement, entered into on June 22, 2020, (the "***Liquidation Trust Agreement***"), who requests entry of an order, in substantially similar form to the proposed order attached hereto as **Exhibit A** (the "***Proposed Order***"), (1) confirming that there no longer exist any claims classified by the Plan as Class 4 Allowed Johnson Creditor Claims; (2) confirming that each Holder of the previously classified Class 4 Allowed Johnson Creditor Claims, to the extent such claims remain unsatisfied, is now a KP Engineering Liquidation Trust Beneficiary of the Liquidation Trust and entitled to a Class 7 General Unsecured Claim in the amount of the deficiency between their Filed[3] and/or scheduled[4] claim amount and the Johnson Interpleaded Funds received, subject to the Liquidation Trustee's right to object to such Claims; (3) authorizing the Trust's claims and noticing agent to modify the official claims register to reflect such; and (4) requiring that the Holders of all former Class 4 Allowed Johnson Claims, now entitled to Class 7 General Unsecured Claims in the deficiency amounts, have a continuing obligation to reduce their claims by any amounts received in satisfaction of such claims, from any source. In support thereof, the Liquidation Trustee respectfully represents as follows:

---

[3] Herein meaning, as defined in the Plan, as to any document or pleading, properly and timely file, filed or filing with the Bankruptcy Court or its authorized designee in the Bankruptcy Case.

[4] Herein meaning such claim(s) is (are) included in the Amended Schedules of Assets and Liabilities filed by the Debtors on January 17, 2020. Case Number 19-34698, Doc. Nos. 373, 374.

1. On August 23, 2019 (the "**Petition Date**"), KP Engineering, LP and KP Engineering, LLC (together, the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").[5] KP Engineering, LP was assigned Case Number 19-34698 and KP Engineering, LLC was assigned Case Number 19-34699.[6] The two bankruptcy cases were subsequently consolidated for procedural purposes only and have since been jointly administered under Case Number 19-34698 (the "**Bankruptcy Case**").[7] Since the Petition Date, the Debtors operated their businesses and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. A compilation of all claims Filed in the Bankruptcy Case is maintained and can be searched at https://omniagentsolutions.com/home.[8] All claims scheduled in the Bankruptcy Case can be reviewed at Docket Numbers 373 and 374.[9] The Liquidation Trustee understands such claims, subject to the terms of the Plan and Liquidation Trust Agreement, the Court's orders, and the Liquidation Trustee's claim objection rights, constitute the universe of *potential* claims against the Trust.

---

[5] Case Number 19-34698, Doc. No. 1; Case Number 19-34699, Doc. No. 1.

[6] *Id*.

[7] Case Number 19-34698, Doc. No. 39.

[8] The specific link to the Proofs of Claim Docket maintained by Omni is as follows: https://cases.omniagentsolutions.com/claimdocket?clientid=CsgAAncz%2b6YgwemYeui06WmN3H5CDI0TxmBXo87xx9bhHv0HW7C%2fhqDhwIYD5UIVqn58Vg2eeEY%3d.

[9] Of course, a timely-filed proof of claim supersedes a scheduled claim. Federal Rule of Bankruptcy Procedure 3003(c)(4).

3. On December 17, 2019, case number CV54856 styled *Hancock Mechanical, LP, et al v. KP Engineering, LP and Targa Pipeline Mid-Continent WestTex, LLC, et al* pending in the 238th Judicial District Court, Midland County, Texas (the "***Johnson Project Litigation***") related to KP Engineering, LP's design, procurement of equipment, and construction of a 200MM cf/day gas cryogenic processing plant in Midland County, Texas pursuant to that certain Agreement for Engineering, Procurement and Construction effective August 3, 2017 between KP Engineering, LP and Targa Pipeline Mid-Continent Westtex LLC ("***Targa***") (the "***Johnson Project***") was referred to the Court, which Adversary Proceeding Number 19-03707 (the "***Johnson Adversary***") remains pending as of the filing of the instant motion.

4. Within the Johnson Adversary, Targa interpleaded approximately $10 million (the "***Johnson Interpleaded Funds***") that Targa contended should be distributed among some or all of more than thirty subcontractor third-party defendants who filed lien claims.

5. On June 12, 2020, the Court entered the Confirmation Order.[10] Pursuant to Article IV(F) of the Plan, the Trust was created and effective on the Effective Date.

6. On June 23, 2020 (the "***Effective Date***"), the Plan became effective.

7. Pursuant to the Confirmation Order, the Plan[11] and the Trust Agreement, the Liquidation Trustee was appointed to act as trustee of the Trust. The Liquidation Trustee has since retained Omni Agent Solutions ("***Omni***") as claims and noticing agent for the Trust.

8. Pursuant to Article III(C)(4) of the Plan:

> [t]he members of Class 4 shall consist of the Johnson Creditors as Holders of Johnson Creditor Claims against the Debtors arising from the Johnson Project and related Johnson Project Litigation. . . On the Effective Date, and except to the extent that a Holder of an Allowed Johnson Creditor Claim agrees to a less favorable treatment, each Holder of an Allowed Johnson Creditor Claim will

---

[10] Case Number 19-34698, Doc. No. 575.

[11] *Id.*

4

receive [sic] in full and final satisfaction, compromise, settlement, release, and discharge of an in exchange for each Class 4 Claim, the following treatment under the Plan: (i) Upon (a) the settlement of the Johnson Project Litigation or (b) entry of a final order in the Johnson Project Litigation, the Johnson Interpleaded Funds will be distributed to Holders of Allowed Johnson Creditor Claims . . . pursuant to the terms of such settlement or final order. . .. (ii) To the extent any Allowed Johnson Creditor Claim remains unsatisfied after payment of the foregoing, such Holder of the Allowed Johnson Creditor Claim shall be a Liquidation Trust Beneficiary of the KP Engineering Liquidation Trust and be entitled to an Allowed General Unsecured Claim in Class 7 in the amount of the deficiency.

9. Pursuant to Article I(A) of the Plan,

   a. "Allowed" is defined as "with respect to any Claim or Interest, except as otherwise provided in the Plan, a Claim or Interest allowable under Bankruptcy Code section 502 that: (i) has been allowed by a Final Order, including but not limited to any Final Order estimating claims for purposes of confirming this Plan; (ii) either has been Scheduled as a liquidated, non-contingent, undisputed Claim in an amount greater than zero in the Debtors' Schedules, as the same may from time to time be amended in accordance with the Bankruptcy Code, Bankruptcy Rules or order of the Bankruptcy Court, or is the subject of a timely Filed and liquidated Proof of Claim as to which either no objection to its allowance has been Filed (either by way of objection or amendment to the Schedules) within the periods of limitation fixed by the Bankruptcy Code or by any order of the Bankruptcy Court, or any objection to its allowance has been settled, waived through payment, or withdrawn, or has been denied by a Final Order; or (iii) is expressly allowed in a liquidated amount in the Plan. . .."

   b. "Holder" is defined as "(a) as to any Claim, (i) the owner or holder of such Claim as such is reflected on the Proof of Claim Filed with respect to such Claim, or (ii) if no Proof of Claim has been Filed with respect to such Claim, the owner or

       holder of such Claim as such is reflected on the Schedules or the books and records of the Debtors or as otherwise determined by order of the Bankruptcy Court, or (iii) if the owner or holder of such Claim has assigned or transferred the Claim to a third party and the Debtors have received sufficient written evidence of such assignment or transfer, from the assignee or transferee prior to the Distribution Record Date. . ..'

    c. "Johnson Creditors" is defined as "those certain Holders of Claims against Debtor KPE LP in Class 4 as a result of the Johnson Project and related Johnson Project Litigation that have filed Liens against the Johnson Project"; and

    d. "Johnson Creditor Claims" is defined as "those certain Claims of the Johnson Creditors against Debtor KPE LP."

10. On August 13, 2020, the Court entered an Order releasing certain alleged liens against the Johnson Project[12] and then, on January 27, 2021, the Court entered an order into the record of the Johnson Adversary, *inter alia*, directing the Clerk to distribute the Retainage to certain lienholders (the "***Disbursement Order***").[13]

11. Pursuant to Article III(C)(4)(i) of the Plan, the Johnson Interpleaded Funds have been distributed in accordance with the terms of the Disbursement Order.[14]

12. As a result of the terms of the Distribution Order and pursuant to Article III(C)(4)(ii) of the Plan, there no longer exist any Class 4 Allowed Johnson Creditor Claims.

---

[12] Adversary Proceeding Number 19-03707, Doc. No. 231.

[13] Adversary Proceeding Number 19-03707, Doc. No. 261.

[14] *See* unnumbered docket entries (Adversary Proceeding Number 19-03707) on March 18, 2021, March 26, 2021, April 6, 2021, April 8, 2021, April 13, 2021, May 27, 2021, and June 4, 2021.

13. Instead, each Holder of the previously classified Class 4 Allowed Johnson Creditor Claims is now, to the extent such claims remain unsatisfied and subject to the Liquidation Trustee's right to object to such claims on any basis and the outcome of any such objection, a KP Engineering Liquidation Trust Beneficiary and entitled to a Class 7 General Unsecured Claim in the amount equal to the difference between their Filed and/or scheduled claim amount and that received from the Johnson Interpleaded Funds.

14. The Liquidation Trustee intends to make certain distributions on account of Allowed, and not yet paid, claims in the future and, in doing so, relies on the fact that the Class 4 Allowed Johnson Creditor Claims have been satisfied and/or any deficiency between the Filed and/or scheduled claim amount and the Johnson Interpleaded Funds is now classified as a Class 7 General Unsecured Claim (subject to the Liquidation Trustee's objection rights).

15. As such, the Liquidation Trustee requests entry of the Proposed Order (A) confirming that there no longer exist any claims classified by the Plan as Class 4 Allowed Johnson Creditor Claims and that each Holder of the previously classified Class 4 Allowed Johnson Creditor Claims is now, to the extent such claims remain unsatisfied and subject to the Liquidation Trustee's right to object to such claims, a KP Engineering Liquidation Trust Beneficiary of the Liquidation Trust and entitled to a Class 7 General Unsecured Claim in the amount equal to the difference between their Filed and/or scheduled claim amount and that received from the Johnson Interpleaded Funds.

16. For the avoidance of doubt, the Liquidation Trustee clarifies that the relief requested herein is not intended to have any effect on any stipulations, settlements, or orders entered into the record of the Bankruptcy Case regarding specific claims. In the event of any conflict or inconsistency between the provisions of any order entered by the Court granting the

relief requested herein, on the one hand, and the provisions of any such stipulation, settlement, or order addressing specific claims, on the other hand, the provisions of such stipulation, settlement, or order shall govern and control as to claims specified and addressed therein.

17. The Liquidation Trustee does not seek to use the instant motion as a vehicle by which to reduce Filed and/or scheduled claim amounts by that received from the Johnson Interpleaded Funds. Instead, the Liquidation Trustee will file stipulations or claim objections in such regard. The instant motion is intended merely to reclassify the former Class 4 Allowed Johnson Creditor Claims, subject to the Liquidation Trustee's right to object to such claims on any basis.

18. Lastly, the Liquidation Trustee requests that any order entered by the Court on the relief requested in this motion also require that all Holders of former Class 4 Allowed Johnson Claims shall, until the Trust has been terminated, notify the Liquidation Trustee within ten (10) business days of receipt of any amounts in partial or full satisfaction of their now Class 7 General Unsecured Claims from any source, by which amount(s) the Class 7 General Unsecured Claims shall be reduced. Moreover, the Liquidation Trustee asks that such order require the Holders of former Class 4 Allowed Johnson Claims, after providing such notice and at the Liquidation Trustee's request, to file a joint Stipulation with the Court as soon as is reasonably practicable reducing the Class 7 General Unsecured Claims in the amount(s) received.

19. To the extent any parties in interest disagree with the Liquidation Trustee's positions outlined herein, the Liquidation Trustee requires such claimants to (i) file a written objection (an "*Objection*") to this Motion and (ii) serve a copy of the Objection upon the undersigned counsel for the Liquidation Trustee.

20. To the extent no Objection is filed, the Liquidation Trustee respectfully requests entry of the Proposed Order without further action by the Liquidation Trustee.

21. The Liquidation Trustee further reserves the right to amend, modify, or supplement this motion and reserves all rights afforded to him by the Plan and the Liquidation Trust Agreement to file objections on a non-substantive and/or substantive basis to any claims filed or scheduled in the Bankruptcy Case.

**WHEREFORE**, for the reasons outlined herein, the Liquidation Trustee respectfully requests entry of an order in substantially similar form as the Proposed Order (1) confirming that there no longer exist any claims classified by the Plan as Class 4 Allowed Johnson Creditor Claims; (2) confirming that each Holder of the previously classified Class 4 Allowed Johnson Creditor Claims, to the extent such claims remain unsatisfied, is now a KP Engineering Liquidation Trust Beneficiary of the Liquidation Trust and entitled to a Class 7 General Unsecured Claim in the amount of the deficiency between their Filed and/or scheduled claim amount and the Johnson Interpleaded Funds received, subject to the Liquidation Trustee's right to object to such Claims; (3) authorizing the Trust's claims and noticing agent to modify the official claims register to reflect such; and (4) requiring that the Holders of all former Class 4 Allowed Johnson Claims, now entitled to Class 7 General Unsecured Claims in the deficiency amounts, have a continuing obligation to reduce their claims by any amounts received in satisfaction of such claims, from any source; and (5) for such other and further relief as the Court deems just and proper under the circumstances.

**Signature and Certificate of Service on following page**

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: September 17, 2021 | By: */s/ Brooke W. Altazan* |

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

Brooke W. Altazan (TX Bar # 24101002)
baltazan@stewartrobbins.com
Paul Douglas Stewart, Jr. (La. Bar # 24661, admitted to SDTX)
dstewart@stewartrobbins.com
301 Main Street, Suite 1640
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

***Attorneys for Michael D. Warner, Liquidation Trustee***

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing pleading was caused to be served upon all parties that are registered to receive electronic service through the court's ECF notice system in the above case on this 17th day of September 2021.

/s/ *Brooke W. Altazan*
Brooke W. Altazan