United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 16, 2021
Nathan Ochsner, Clerk

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | **CHAPTER 11** |
| | * | |
| | * | **CASE NO. 19-34698 (DRJ)** |
| | * | |
| **KP ENGINEERING, LP,** *et al*[1] | * | |
| | * | **(Jointly Administered)** |
| ***Debtor*** | * | |

---

### ELEVENTH STIPULATION AND ORDER EXTENDING DEADLINE TO FILE OBJECTION TO TARGA PIPELINE MID-CONTINENT WESTTEX LLC'S PROOF OF CLAIM
(Docket No. 1006)

---

Michael D. Warner (the "***Liquidation Trustee***"), in his capacity as liquidation trustee for the KP Engineering Liquidation Trust (the "***Trust***") and pursuant to the *Third Amended Joint Chapter 11 Plan of Reorganization of KP Engineering, LP and KP Engineering, LLC*[2] (the "***Plan***"), confirmed by the Court's *Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization of KP Engineering, LP and KP Engineering, LLC*[3] (the "***Confirmation Order***"), and that certain *Liquidation Trust Agreement* dated June 22, 2020 (the "***Trust Agreement***"), and Targa Pipeline Mid-Continent Westtex LLC's ("***Targa***") (together, the Liquidation Trustee and Targa are referred to herein as the "***Parties***") respectfully submit this proposed stipulation and agreed order ("***Stipulation and Order***") extending the deadline by which the Liquidation Trustee must file any objection to Targa's Proof of Claim Number 84.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are KP Engineering, LP (7785) and KP Engineering, LLC (0294).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 5555 Old Jacksonville Hwy., Tyler, TX 75703.

[2] P-575.

[3] *Id*.

## RECITALS

**WHEREAS**, on August 23, 2019 (the "***Petition Date***"), KP Engineering, LP and KP Engineering, LLC (together, the "***Debtors***") filed voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "***Court***").[4]

**WHEREAS**, KP Engineering, LP was assigned Case Number 19-34698 and KP Engineering, LLC was assigned Case Number 19-34699.[5]

**WHEREAS**, the two bankruptcy cases were subsequently consolidated for procedural purposes only and have since been jointly administered under Case Number 19-34698 (the "***Bankruptcy Case***").[6]

**WHEREAS**, since the Petition Date, the Debtors operated their businesses and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS**, also pending before the Court is Adversary Proceeding Number 19-03707 (the "***Johnson Adversary***"), which relates to debtor KP Engineering, LP's design and construction of a 200MM cf/day gas cryogenic plant for Targa (the "***Johnson Project***").

**WHEREAS**, within the Johnson Adversary, Targa has interpleaded approximately $10 million in retainage that Targa contends should be distributed among some or all of more than thirty subcontractor third-party defendants who filed lien claims.

**WHEREAS**, pursuant to the Court's August 26, 2019 Order, the Debtors employed and retained Omni Agent Solutions ("***Omni***") as claims and noticing agent.[7]   In furtherance of its

---

[4] Case Number 19-34698, P-1; Case Number 19-34699, P-1.
[5] *Id.*
[6] P-39.
[7] Case Number 19-34698, P-40.

duties, Omni has (1) performed noticing services and received, maintained, recorded, and otherwise administered the proofs of claim filed in the Bankruptcy Case, and all related tasks; (2) served as the custodian of court records and been designated as the authorized repository for all proofs of claim filed in the Bankruptcy Case and both directed and maintained the official claims registers for each of the Debtors; and (3) provided an electronic interface for filing proofs of claim and established an address for the receipt of proofs of claim.

**WHEREAS**, on January 13, 2020 Targa filed Proof of Claim No. 84, according to Omni's records, (Claim No. 59 according to the Claims Registry) as to debtor KP Engineering, LP (the "***Targa Claim***") related to the Johnson Project.

**WHEREAS**, the above-referenced subcontractors from the Johnson Project collectively bring claims against the Debtors seeking more than $30 million.

**WHEREAS**, on June 12, 2020, the Court entered the Confirmation Order.[8]

**WHEREAS**, pursuant to Article IV(F) of the Plan, the Trust was created and effective on the Effective Date.

**WHEREAS**, pursuant to the Confirmation Order, the Plan[9] and the Trust Agreement approved by the Confirmation Order, the Liquidation Trustee was appointed to act as trustee of the Trust.

**WHEREAS**, on June 23, 2020, the Plan became effective (the "***Effective Dat***e").  The Liquidation Trustee has since retained Omni's continued services.

**WHEREAS**, pursuant to the Plan, the Liquidation Trustee is authorized to, *inter alia*, "with respect to all Claims in Class 3 [Allowed Other Secured Claims], 4 [Allowed Johnson Creditor Claims – exclusive standing], 5 [Allowed Channelview Creditor Claims – exclusive standing], 6

---

[8] Case Number 19-34698, P-575.
[9] Case Number 19-34698, P-530, 568-1

[Allowed Geismar VI Creditor Claims – exclusive standing], and 7 [Allowed General Unsecured Claims – exclusive standing]], . . . file, withdraw, or litigate to judgment, objections to Proofs of Claims."[10]

WHEREAS, pursuant to Article VII(D) of the Plan, the deadline to file objections to Claims is "on or before the later of: (i) one hundred twenty (120) days after the Effective Date [i.e., October 21, 2020] (the "*Initial Claims Deadline*"), or (ii) such other period of limitation as may be specifically fixed by a Final Order of the Bankruptcy Court for objecting to such Claims."

WHEREAS, on October 20, 2020, the Court entered that certain *Stipulation and Order Extending Deadline to File Objection to Targa Pipeline Mid-Continent Westtex LLC's Proof of Claim (Docket No. 654)* [Doc. No. 665], therein extending the Initial Claims Deadline as to the Targa Claim through January 19, 2021 (the "*Second Claims Deadline*").

WHEREAS, on December 18, 2020, the Court entered that certain *Second Stipulation and Order Extending Deadline to File Objection to Targa Pipeline Mid-Continent Westtex LLC's Proof of Claim (Docket No. 684)* [Doc. No. 685], therein extending the Second Claims Deadline as to the Targa Claim through February 18, 2021 (the "*Third Claims Deadline*").

WHEREAS, on March 5, 2021, the Court entered that certain *Third Stipulation and Order Extending Deadline to File Objection to Targa Pipeline Mid-Continent Westtex LLC's Proof of Claim (Docket No. 707)* [Doc. No. 717], therein extending the Third Claims Deadline as to the Targa Claim through March 22, 2021 (the "*Fourth Claims Deadline*").

WHEREAS, on April 1, 2021, the Court entered that certain *Fourth Stipulation and Order Extending Deadline to File Objection to Targa Pipeline Mid-Continent Westtex LLC's Proof of*

---

[10] *Id. see* the Plan, VII(A)(2).

*Claim (Docket No. 731)* [Doc. No. 747], therein extending the Fourth Claims Deadline as to the Targa Claim through April 21, 2021 (the "***Fifth Claims Deadline***").

      **WHEREAS**, on May 4, 2021, the Court entered that certain *Fifth Stipulation and Order Extending Deadline to File Objection to Targa Pipeline Mid-Continent Westtex LLC's Proof of Claim (Docket No. 782)* [Doc. No. 825], therein extending the Fifth Claims Deadline as to the Targa Claim through June 21, 2021 (the "***Sixth Claims Deadline***").

      **WHEREAS**, on June 22, 2021, the Court entered that certain *Sixth Stipulation and Order Extending Deadline to File Objection to Targa Pipeline Mid-Continent Westtex LLC's Proof of Claim (Docket No. 907)* [Doc. No. 915], therein extending the Sixth Claims Deadline as to the Targa Claim through July 21, 2021 (the "***Seventh Claims Deadline***").

      **WHEREAS**, on July 19, 2021, the Court entered that certain *Seventh Stipulation and Order Extending Deadline to File Objection to Targa Pipeline Mid-Continent Westtex LLC's Proof of Claim (Docket No. 921)* [Doc. No. 929], therein extending the Seventh Claims Deadline as to the Targa Claim through August 20, 2021 (the "***Eighth Claims Deadline***").

      **WHEREAS**, on August 18, 2021, the Court entered that certain *Eighth Stipulation and Order Extending Deadline to File Objection to Targa Pipeline Mid-Continent Westtex LLC's Proof of Claim (Docket No. 953)* [Doc. No. 957] (the "***Stipulation and Order***"), therein extending the Eighth Claims Deadline as to the Targa Claim through September 20, 2021 (the "***Ninth Claims Deadline***"). The Stipulation and Order expressly states that "[a] stipulation between the Parties further extending the [Ninth Claims Deadline] may be filed into the Record of the Bankruptcy Case in the future and is approved without further order from the Court."

      **WHEREAS**, on September 2, 2021, that certain *Ninth Stipulation and Order Extending Deadline to File Objection to Targa Pipeline Mid-Continent Westtex LLC's Proof of Claim* [Doc.

No. 972], therein extending the Ninth Claims Deadline as to the Targa Claim through October 20, 2021 (the "***Tenth Claims Deadline***"), was filed into the Record of the Bankruptcy Case.

      **WHEREAS**, on October 20, 2021, the Court entered that certain *Tenth Stipulation and Order Extending Deadline to File Objection to Targa Pipeline Mid-Continent Westtex LLC's Proof of Claim (Docket No. 992)* [Doc. No. 997], therein extending the Tenth Claims Deadline as to the Targa Claim through November 30, 2021 (the "***Claims Deadline***").

      **WHEREAS**, the Parties continue efforts to resolve the Liquidation Trustee's potential objection(s) to the Targa Claim, but do not believe that such resolution can be accomplished prior to the Claims Deadline.

      **WHEREAS**, so as to minimize any unnecessary costs for the Trust and provide opportunity for resolution without costly litigation for both Parties, the Parties have agreed to an extension of the Claims Deadline as to the Targa Claim through December 30, 2021, i.e. a thirty (30) day extension.

      **WHEREAS**, by this Stipulation and Order, the Parties hereby agree to the terms set forth herein.

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, THE FOLLOWING IS SO ORDERED:**

1.     Notwithstanding any previously docketed notice or provision of the Plan or Confirmation Order to the contrary, the Liquidation Trustee shall have through December 30, 2021 (the "***Extended Objection Deadline***") to object to the Targa Claim;

2.     This relief is granted without prejudice to the Liquidation Trustee's right to request further modifications of the Extended Objection Deadline.

3.      Notwithstanding closure of the Bankruptcy Case, whether one or both cases of record are

closed, the Court shall maintain sole and exclusive jurisdiction and authority to interpret

and enforce this Stipulation and Order, and to resolve any and all disputes related to this

Stipulation and Order.

4.      The Stipulation and Order represents the Parties' mutual understandings and supersedes all

prior agreements whether in oral or written form.

5.      A stipulation between the Parties further extending the Extended Objection Deadline may

be filed into the Record of the Bankruptcy Case in the future and is approved without

further order from the Court.

6.      This Stipulation and Order shall be effective and enforceable immediately upon entry.

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and

delivered this Stipulation and Order as of the date first set forth below.

**Signed:  November 16, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Dated: November 12, 2021                    By: */s/ Paul Douglas Stewart, Jr.*

**STEWART ROBBINS BROWN &
ALTAZAN, LLC**
Brooke W. Altazan (TX Bar # 24101002)
baltazan@stewartrobbins.com
Paul Douglas Stewart, Jr. (La. Bar # 24661,
admitted to SDTX)
dstewart@stewartrobbins.com
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

***Attorneys for Michael D. Warner, Liquidation
Trustee***

**-AND-**

By: */s/Amy K. Wolfshohl*

PORTER HEDGES LLP
Joshua W. Wolfshohl
State Bar No. 24038592
Amy K. Wolfshohl
State Bar No. 24055880
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)
jwolfshohl@porterhedges.com
awolfshohl@porterhedges.com

***Counsel for Targa Pipeline Mid-Continent
Westtex LLC***