United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 22, 2021
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| | * | |
| | * | CASE NO. 19-34698 (DRJ) |
| | * | |
| KP ENGINEERING, LP, *et al*[1] | * | |
| | * | (Jointly Administered) |
| *Debtor* | * | |

**JOINT STIPULATION AND ORDER FOR ALLOWANCE OF ARCOSA TANK, LLC f/k/a TRINITY CONTAINER'S PROOF OF CLAIM NUMBER 87**

**(Doc. No. 1005)**

Michael D. Warner (the "***Liquidation Trustee***"), solely in his capacity as liquidation trustee for the KP Engineering Liquidation Trust (the "***Trust***") and pursuant to the *Third Amended Joint Chapter 11 Plan of Reorganization of KP Engineering, LP and KP Engineering, LLC*[2] (the "***Plan***"), confirmed by the Court's *Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization of KP Engineering, LP and KP Engineering, LLC*[3] (the "***Confirmation Order***"), and that certain *Liquidation Trust Agreement* dated June 22, 2020 (the "***Trust Agreement***"), and Arcosa Tank, LLC f/k/a Trinity Container ("***Arcosa***") (together, the Liquidation Trustee and Arcosa are referred to herein as the "***Parties***") respectfully submit this proposed stipulation and agreed order (the "***Stipulation and Order***") resolving the *Liquidation Trustee's Objection to Claim Pursuant to Section 502(b) of the Bankruptcy Code, Rule 3007 of the Federal Rules of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are KP Engineering, LP (7785) and KP Engineering, LLC (0294). The location of the Debtors' corporate headquarters and the Debtors' service address is: 5555 Old Jacksonville Hwy., Tyler, TX 75703.
[2] Case Number 19-34698, Doc. No. 575.
[3] *Id*.

*Bankruptcy Procedure and the Terms of the Plan Seeking to Disallow and Expunge Claim Number 87 Filed by Arcosa Tank, LLC f/k/a Trinity Container*[4] (the "**Claim Objection**") as set forth herein.

## RECITALS

**WHEREAS,** on August 23, 2019 (the "***Petition Date***"), KP Engineering, LP ("***KPE***") and KP Engineering, LLC (together, the "***Debtors***" and, post-confirmation, the "***Reorganized Debtors***") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "***Court***").[5]

**WHEREAS,** KPE was assigned Case Number 19-34698 and KP Engineering, LLC was assigned Case Number 19-34699.[6] The two bankruptcy cases were subsequently consolidated for procedural purposes only and have since been jointly administered under Case Number 19-34698 (the "***Bankruptcy Case***").[7]

**WHEREAS**, also pending before the Court is Adversary Proceeding Number 19-03707 (the "***Johnson Adversary***"), which relates to KPE's design and construction of a 200MM cf/day gas cryogenic plant for Targa Pipeline Mid-Continent Westtex LLC's ("***Targa***") (the "***Johnson Project***").

**WHEREAS**, within the Johnson Adversary, Targa interpleaded approximately $10 million in retainage (the "***Retainage***") that Targa contended should be distributed among some or all of more than thirty subcontractor third-party defendants who filed lien claims.

**WHEREAS**, on January 13, 2020, Arcosa filed Proof of Claim Number 87 (the "***Claim***"), according to the records of the Trust's claims and noticing agent, Omni Agent Solutions ("***Omni***"),

---

[4] *Id*. at Dkt. No. 971.
[5] Case Number 19-34698, Doc. No. 1; Case Number 19-34699, Doc. No. 1.
[6] *Id*.
[7] Case Number 19-34698, Doc. No. 39.

and a copy of which is attached hereto as **Exhibit "A"**, therein asserting a secured claim in the amount of $993,768.20 on the basis of "Goods sold and services performed" related to the Johnson Project, comprised of (1) $775,085.00 in outstanding invoices (the "***Invoices***"); (2) interest totaling $139,123.23; (3) attorneys' fees totaling $78,782.34; and (4) costs totaling $777.67.

**WHEREAS**, on June 12, 2020, the Court entered the Confirmation Order into the record of the Bankruptcy Case.

**WHEREAS**, pursuant to Article IV(F) of the Plan, the Trust was created and effective on the Effective Date.

**WHEREAS**, pursuant to the Confirmation Order, the Plan and the Trust Agreement, the Liquidation Trustee was appointed to act as trustee of the Trust.

**WHEREAS**, on June 23, 2020, the Plan became effective (the "***Effective Date***"). The Liquidation Trustee has since retained Omni's continued services.

**WHEREAS**, on June 28, 2020, Arcosa filed that certain *First Tier Claimant Lien Summary* into the record of the Johnson Adversary, therein asserting a $305,583.75 (total) lien claim against the Retainage.[8]

**WHEREAS**, on August 17, 2020, the Court entered an order into the record of the Johnson Adversary, *inter alia*, allowing Arcosa a $305,583.75 lien claim against the Retainage.[9]

**WHEREAS**, on January 27, 2021, the Court entered an order into the record of the Johnson Adversary, *inter alia*, directing the Clerk to distribute $125,931.60 to Arcosa from the Retainage (the "***Disbursement Order***").[10]

**WHEREAS**, Arcosa has received $126,118.82 pursuant to the Disbursement Order,

---

[8] Adversary Proceeding Number 19-03707, Doc. No. 184.
[9] *Id.* at Doc. No. 240.
[10] *Id.* at Doc. No. 261.

comprised of $125,931.60 from the Retainage and $187.22 in interest.

**WHEREAS**, Arcosa represents and warrants that the entirety of the $775,085.00 in Invoices remains outstanding and that it has not received any sums, other than those pursuant to the Disbursement Order, in satisfaction of the Invoices to date.

**WHEREAS**, pursuant to the Plan[11] and the Trust Agreement[12], the Liquidation Trustee is authorized to object to the Claim.

**WHEREAS**, the Liquidation Trustee has identified the Claim as objectionable pursuant to 11 U.S.C. § 502, Federal Rule of Bankruptcy Procedure 3007 and/or the Plan.

**WHEREAS**, on August 27, 2021, the Liquidation Trustee filed the Claim Objection, therein lodging his objections to the Claim.[13]

**WHEREAS**, Arcosa's deadline to respond to the Claim Objection was initially September 27, 2021, but such deadline has since been extended by the Parties' stipulation through November 11, 2021.[14]

**WHEREAS**, the Liquidation Trustee and Arcosa agree to enter into the following stipulation to resolve the foregoing issues regarding the Claim Objection.

---

[11] Article VII(A)(2) of the Plan authorizes the Liquidation Trustee, "[e]xcept as otherwise specifically provided in the Plan or the [Trust Agreement]", to, *inter alia*, "with respect to all Claims in Class 3 [Allowed Other Secured Claims], 4 [Allowed Johnson Creditor Claims – exclusive standing], 5 [Allowed Channelview Creditor Claims – exclusive standing], 6 [Allowed Geismar VI Creditor Claims – exclusive standing], and 7 [Allowed General Unsecured Claims – exclusive standing]], . . . file, withdraw, or litigate to judgment, objections to Proofs of Claims."

[12] Article 1, Section 1.2(c) of the Trust Agreement provides that "[o]n the Effective Date, the Liquidation Trust shall stand in the shoes of the Debtors for all purposes with respect to . . . (ii) the claims reconciliation process for Claims in Classes 4, 5, 6 and 7. For clarity, (x) deficiency claims, if any, of holders of Claims in Classes 3, 4, 5 and 6, will be treated as Claims in Class 7, and subject to the Claims objection process provided in Section 6.3 hereof; (y) the Liquidation Trustee shall have no duty or obligation to address distributions on or to, or allowances of the Claims in Class 3 (other than with respect to any deficiency Claim within Class 7), as such duty and obligation shall be undertaken by the Debtors or the Reorganized Debtors, as applicable." Article 3, Section 3.6(d) of the Trust Agreement provides that "[s]ubject to any limitations contained herein, in the Plan, or the Confirmation Order, the Liquidation Trustee shall have the following powers and authorities on behalf of the Liquidation Trust: . . . without the need for [the Court's] approval, to investigate, object to, subordinate, compromise, estimate, allow, settle, or abandon any Claims in Classes 4, 5, 6, and 7."

[13] Case Number 19-34698, Dkt. No. 971.
[14] Case Number 19-34698, Dkt. Nos. 976, 994.

**WHEREAS**, by this Stipulation and Order, the Parties hereby agree to the terms set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, THE FOLLOWING IS SO ORDERED:**

1. The Claim is allowed as a Class 7 General Unsecured Claim in the reduced amount of $668,030.16 (the "***Reduced Claim Amount***"). The Reduced Claim Amount shall be further reduced by any and all additional amounts received by Arcosa in partial or full satisfaction of the Claim, from any source.

2. Arcosa has a continuing obligation until the Trust has been terminated to notify the Liquidation Trustee within ten (10) business days of receipt of any amounts in full or partial satisfaction of the Claim, which amount(s) so received shall further reduce the Reduced Claim Amount. After providing such notice and at the Liquidation Trustee's request, Arcosa and the Liquidation Trustee shall file a joint Stipulation with the Court as soon as is reasonably practicable reducing the Reduced Claim Amount in the amount(s) received.

3. Omni is authorized and directed to update the claims register maintained in the Bankruptcy Case to reflect the relief granted in this Stipulation and Order.

4. The Liquidation Trustee, Omni, and the Clerk of this Court are authorized to take all actions necessary to effectuate the relief granted in this Stipulation and Order.

5. Notwithstanding closure of the Bankruptcy Case, whether one or both cases of record are closed, the Court shall maintain sole and exclusive jurisdiction and authority to interpret and enforce this Stipulation and Order, and to resolve any and all disputes arising from or related to this Stipulation and Order.

6. The Liquidation Trustee's rights to object, on any basis, to any other claims held by Arcosa are hereby reserved.

7. The terms and conditions of this Stipulation and Order shall be effective and enforceable immediately upon its entry.

8. The Stipulation and Order represents the Parties' mutual understandings with regard to the Claim Objection and supersedes all prior agreements regarding such, whether in oral or written form.

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation and Order on the day and year indicated below.

Signed:  November 22, 2021.

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Signature Page to Follow:

**AGREED AS TO FORM AND CONTENT:**

Dated: November 9, 2021

*/s/ Frances A. Smith*
Frances A. Smith, Shareholder
Ross & Smith, PC
Plaza of the Americas
700 N. Pearl Street, Ste. 1610
Dallas, TX 75201
T 214.377.7879 │D 214.593.4976 │F 214.377.9409

**Counsel for Arcosa Tank, LLC f/k/a Trinity Container**

Dated: November 9, 2021

By: */s/ Brooke W. Altazan*_____

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

Brooke W. Altazan (TX Bar # 24101002)
baltazan@stewartrobbins.com
Paul Douglas Stewart, Jr. (La. Bar # 24661, admitted to SDTX)
dstewart@stewartrobbins.com
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

***Attorneys for Michael D. Warner, Liquidation Trustee***